**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONALD E. BROWN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID FITTS,**<br><br>**Defendant.** | **Case No. 3:25-CV-00286-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Donald E. Brown ("Brown") filed this action (Doc. 1) pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his Second, Fourth, and Fourteenth Amendment rights when the Marion Police Department seized his firearm and declined to return it. Specifically, Brown claims that Defendant David Fitts ("Fitts") illegally retained his firearm, that Fitts maintained a policy and practice of arresting people for openly carrying a firearm, and that Fitts had threatened Brown with arrest for carrying any firearm in the future. (*Id.*).

Fitz has moved for summary judgment (Doc. 25). Brown filed a brief in opposition on July 7, 2026. (Doc. 28). Fitts did not file a reply. Therefore, this motion is ripe for the Court's review.

## BACKGROUND[1]

On April 23, 2024, officers responded to a report of trespassing. (Doc. 25-3, p. 2). Upon arrival, they noticed that Brown had a firearm openly holstered on his hip. (*Id.*). Officers then spoke with the alleged trespasser, who informed them that Brown—dressed in plain clothes—approached the trespasser, identified himself as a police officer, and presented a badge. (*Id.*). In the arresting officer's report, he states: "Brown failed having any clothing on that would suggest he was security personnel. I inquired as to whether Brown had any identification or paperwork to suggest that he could be openly carrying a firearm. Brown stated that he did not." (*Id.* at p. 6). Officers then arrested Brown for Aggravated Unlawful Use of a Weapon and False Presentation as a Peace Officer. (*Id.* at p. 4). Incident to the arrest, officers seized Brown's black EAA Corp. 9mm pistol along with a silver badge with the words "Asset Recovery Agent," which were booked into evidence upon arrival at the county jail. (*Id.* at pp. 5-6).

Following the arrest, the Williamson County State's Attorney issued a criminal information charging Brown with Aggravated Unlawful Use of a Weapon and Possession of Firearm Without Requisite Firearm Owner's I.D. Card. (Doc. 25-9). Both charges were eventually dismissed. (Doc. 25-5; Doc. 25-6, p. 2).

---

[1] The Court notes that Brown failed to dispute a substantial portion of Fitts's statement of facts. Brown's opposition responded to only 11 out of 21 paragraphs in Fitts's Statement of Material Facts. (Doc. 28, pp. 1-2). Further, Brown's "Undisputed Material Facts" section improperly cites to documents, including the complaint, Fitts's answer, and motions for extensions of time. (*Id.*). The few statements contained in this section that cite to record evidence do not identify facts that dispute Fitts's statement of facts. Thus, under Federal Rule of Civil Procedure 56(e), the Court deems admitted the properly supported facts that Brown did not adequately dispute.
Fitts, in turn, did not file a reply to Brown's additional statement of facts. The Court therefore also deems admitted the few properly supported additional facts that Brown asserted and Fitts did not specifically dispute.

On February 27, 2025, Theodore Hampson, the Williamson County State's Attorney, issued a letter to the Marion Police Department Evidence Custodian stating that the property retained as evidence was no longer needed because all charges against Brown had been dismissed. (*Id.*). Specifically, Hampson stated: "The rightful owner can claim his firearm(s) from the P.D. with proof of a valid FOID card." (*Id.*).

In the interim after his arrest, Brown's Firearm Owner's Identification Card ("FOID card") expired. (Doc. 25-1, p. 6). When he attempted to renew it, the background check flagged the pending criminal charges and his FOID card was thereafter suspended. (*Id.*). According to Brown's testimony, he visited the Marion Police Department several times to obtain his firearm, but each time he was refused because he did not have a valid FOID card. (*Id.* at pp. 18-19).

On February 28, 2025, Brown once again went to the Marion Police Department to retrieve his firearm—this time with a valid electronic FOID card. (*Id.*). Brown asserts, and Fitts does not specifically dispute, that Fitts told him that he "was going to be arrested every time they saw [Brown] out [t]here open carrying on these properties[.]" (*Id.* at p. 18). Fitts thereafter refused to turn over Brown's firearm. (*Id.*).

Brown returned a few hours later to fill out a Freedom of Information Act request for the lobby security camera footage of the exchange, at which point a secretary returned his firearm. (*Id.* at p. 18). Brown initially refused to accept the property unless "somebody with a badge or the chief of police hand[s] that to me." (*Id.*) The secretary informed him that there was no one else available, so Brown accepted the firearm from her. (*Id.*).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P 56(a). In determining whether a genuine issue of fact exists, the Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Ziccarelli v. Dart*, 35 F.4th 1079, 1083 (7th Cir. 2022). Once the moving party sets forth the basis for summary judgment, the burden shifts to the non-moving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A moving party is entitled to judgment as a matter of law when the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323.

## DISCUSSION

### I. Qualified Immunity

In Count I, Brown alleges that Fitts "personally" refused to turn over Brown's pistol. (Doc. 1, p. 2). He claims that under 42 U.S.C. § 1983, this violated his Second and Fourth Amendment rights, both applicable to the states through the Fourteenth Amendment. (*Id.* at pp. 1-3).

Fitts argues that he lacks the personal involvement required under 42 U.S.C. § 1983 to be held liable for any deprivation of a constitutional right. (Doc. 25, pp. 5-7). Alternatively, he argues that the doctrine of qualified immunity shields him from liability. (*Id.* at pp. 10-11). Because qualified immunity resolves this claim, the Court

considers it first.

Qualified immunity presents two questions. "[F]irst, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation." *Pryor v. Corrigan*, 124 F.4th 475, 488 (7th Cir. 2024). A right is clearly established when "a reasonable official would understand that what he is doing violates that right." *Id*. While courts "do not require a case directly on point . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Pryor*, 124 F.4th at 491 (affirming application of qualified immunity because the cases relied on by plaintiff were "distinguishable" and did not establish that it was "beyond debate" that the challenged conduct was a constitutional violation).

Although qualified immunity is a defense, the plaintiff bears the burden of overcoming it. *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007); *see also Est. of Thomson v. Behn*, 181 F.4th 724, 734 (7th Cir. 2026) (citing *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012)). If he fails to satisfy either prong, the defendant official is entitled to immunity. *Pryor*, 124 F.4th at 488 (citing *Koh v. Ustich*, 933 F.3d 836, 844 (7th Cir. 2019)).

Here, Brown has failed to show that the Second and Fourth Amendment rights he asserts were clearly established at the time of the alleged violation. *Cf. Pryor*, 124 F.4th at 488 (explaining that courts, in their discretion, may properly consider the second prong first).

Brown first asserts a Fourth Amendment violation. In his opposition, he defends

the "clearly established" nature of this right by merely stating that *Mathews v. Eldridge*, 424 U.S. 319 (1976), "prevents government actors from depriving one of property without due process." (Doc. 28, p. 7). *Mathews* is a Fifth Amendment procedural due process case about the termination of Social Security disability benefits. 424 U.S. at 332. Not only is it not "on point," it does not so much as mention the Fourth Amendment or a firearm. *Ashcroft*, 563 U.S. at 741. Brown has therefore failed to carry his burden; Fitts is entitled to qualified immunity on Brown's Count I Fourth Amendment claim.

Next, Brown asserts that he had a Second Amendment right "to keep and bear arms, for self defense, including the possession of [his firearm]." (Doc. 1, p. 3). He cites *McDonald v. City of Chicago*, 561 U.S. 742 (2010), to illustrate its "well established" nature. (Doc. 28, p. 7). *McDonald* involved a challenge to Chicago's handgun ban in which the Supreme Court held that the Fourteenth Amendment incorporates the Second Amendment as to the states. *McDonald*, 561 U.S. at 750. And while this time, at least, *McDonald* does involve the Second Amendment and a firearm, that is where the similarities end. Generously construing Brown's complaint, his grievance is not that he could not possess a gun at all—as the *McDonald* plaintiffs alleged—but that, at most, the temporary refusal to return his firearm after a valid seizure (Brown does not challenge the initial seizure of the gun) was a constitutional violation. However, *McDonald* offers no support for the proposition that Brown's right to recover his firearm after a valid seizure is so clearly established that "a reasonable official would understand that [refusal to return it] violates that right." *Pryor*, 124 F.4th at 488. As such, Brown has once again failed to meet his burden on this prong; Fitts is entitled to qualified immunity on Brown's

Count I Second Amendment claim as well.

## *II. Monell* Claim

In Count II of the complaint, Brown alleges that Fitts, in his official capacity as Chief of the Marion Police Department, maintained a policy or practice in violation of the Second Amendment (applicable to the states through the Fourteenth Amendment) to arrest persons for open carrying firearms "while the person is (a) on their own land, or (b) on the property of another with the permission of the landowner." (Doc. 1, p. 3). In Count III, he similarly alleges that, in violation of the Fourth Amendment (applicable to the states through the Fourteenth Amendment), Fitts has maintained or enforced a policy or practice, not existing in actual law, "of arresting persons who lawfully open carry holstered firearms, even when done so in accordance with actual federal and state laws." (*Id*. at p. 5).

Fitts argues that Brown has not shown that the Marion Police Department has an official policy, practice, or custom, as demanded by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (Doc. 25, pp. 7-9).

"[M]unicipalities and other local governmental bodies are 'persons' within the meaning of § 1983." *Board of Cnty. Com'rs v. Brown*, 520 U.S. 397, 403 (1997). A municipality may be liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "A policy or custom subjecting a municipality to liability may come in one of three forms: '(1) an express municipal policy; (2) a widespread, though unwritten,

custom or practice; or (3) a decision by a municipal agent with final policymaking authority.'" *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 826 (7th Cir. 2022) (quoting *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011)).

Here, the analysis is straightforward. Fitts testified that the Marion Police Department does not maintain a policy, practice, or custom of arresting anyone who is lawfully carrying a firearm openly. (Doc. 25-2, p. 13). Brown does not dispute this fact. Brown argues that the practice of arresting any person for openly carrying a firearm when lawful was unwritten but sufficiently widespread to constitute a policy. (Doc. 1, pp. 3, 5). He relies on his own arrest as evidence of that practice. (Doc. 28, p. 6). However, he has not offered a shred of evidence in support of this bare assertion. *See Powell v. City of Newton*, No. 24-CV-00235-SPM, 2026 WL 2902409, at *1, *10-11 (S.D. Ill. Sept. 28, 2026) (holding that a single instance of an alleged constitutional violation does not give rise to an inference of an unwritten policy and is insufficient to establish municipal liability). Thus, Brown has not met his burden of showing that there is a genuine issue of fact as to whether Marion Police Department, through Fitts, maintains a policy, practice, or custom that caused the alleged constitutional deprivation.

Therefore, Fitts is entitled to summary judgment as to Counts II and III.

## CONCLUSION

For these reasons, the Motion for Summary Judgment filed by Defendant David Fitts (Doc. 25) is **GRANTED** on all counts. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

Finally, the Court notes that Plaintiff Brown's counsel of record, Thomas G. Maag,

has been suspended from practicing in this Court, effective December 1, 2026. *In re* Maag, No. 3:26-mc-00068-SMY, Doc. 6 (S.D. Ill. Nov. 17, 2026). Accordingly, Maag is **ORDERED**, on or before **December 1, 2026**, to (1) provide Brown with a copy of the suspension order entered against Maag, (2) provide Brown with a copy of this Order dismissing his case, (3) certify to the Court by filing a notice on the docket for this case that he has completed both of these directives, and (4) email the Court Brown's mailing address, telephone number, and email address. The email should be sent to NJRpd@ilsd.uscourts.gov.

**IT IS SO ORDERED.**

**DATED: November 20, 2026**



**NANCY J. ROSENSTENGEL**
**United States District Judge**